RECEIVED
JAN 15 2015
AT 8:30_____M
WILLIAM T WALSH CLERK

**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELIAS MALLOUK REALTY,<br><br>          Plaintiff,<br><br>v.<br><br>PETER INGRIS, *et al.*,<br><br>          Defendants. | Civil Action No. 14-4305 (MAS) (DEA)<br><br>**MEMORANDUM OPINION** |

      **THIS MATTER** comes before the Court upon Defendants Peter Ingris ("Mr. Ingris" or "Ingris") and Amy Tsai's (collectively, "Defendants") motion for leave to file answer, counterclaim and third party complaint (ECF No. 4), and motion to transfer and consolidate several pending cases (ECF No. 7). The Court has carefully considered Defendants' submissions and decided the motions without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, and for other good cause shown, the motions are denied. In addition, this matter is remanded to the Superior Court of New Jersey for lack of subject matter jurisdiction.

**I.**     **Background**

      **A.**     **Peter Ingris – Multiple Cases Pending in the District of New Jersey**

      Mr. Ingris is a litigant in a number of cases that were either disposed of or currently pending in the United States District Court of New Jersey. The cases include:

          1.     Peter Ingris v. Borough of Caldwell, *et al.*
               14-855 (ES) (JAD)

      In February 2014, Mr. Ingris filed a federal complaint against the Borough of Caldwell, Mayor Dassing, Councilman Murray, Joseph Defuria, Inspector Milani, Police Chief Bongiorno,

Sergeants Arnold and Pellegrino, Officers Apicella and Butchyk, the Toscano Law Firm, Anthony and Carmen Pio Costa, J&M Towing, and Joe Laborda. Factual allegations in the complaint as to the Borough of Caldwell include: (1) borough's enactment of a parking ordinance that created "merchant employee" parking as opposed to "day" and "night" parking; (2) borough's issuance of arbitrary parking summonses; (3) improper search and impoundment of Mr. Ingris's van; (4) surveillance of Mr. Ingris's dance studio by the police; (5) unauthorized, warrantless inspections and searches of the dance studio; (6) "secret orders"; (7) baseless, arbitrary violation notices; and (8) threatening statements. (*See generally* Compl., 14-855, ECF No. 1.) Allegations in the complaint against the landlord of the dance studio include: (1) actions "to coerce DS4YOU to agree with THE LEASE cancellation and to leave DANCE CENTER"; (2) failure to repair a damaged commercial boiler; (3) refusal to apply certain credits agreed upon prior to execution of the lease; (4) failure to repair a damaged roof; (5) decision to pass on bills it originally agreed to cover; (6) failure to remove certain private equipment; and (7) filing of a tenancy complaint for eviction alleging non-payment of rent. (*Id.* ¶¶ 119-126.)

        2.     Pio Costa Foundation, Inc. v. Dancesport4You, *et al.*
             14-3332 (WJM) (MF)

In January 2014, Pio Costa Foundation filed a complaint in the Superior Court of New Jersey, Essex County, based on non-payment of rent. Mr. Ingris removed the case on May 22, 2014. The Honorable William J. Martini, U.S.D.J., summarily remanded the matter on July 21, 2014. Mr. Ingris moved for reconsideration, which the Court denied.

        3.     Peter Ingris v. Bank of America, N.A., *et al.*
             14-3726 (MAS) (DEA)

In May 2014, Mr. Ingris filed a complaint in the Superior Court of New Jersey, Somerset County, against Bank of America, First Data Corporation, and Fitzsimmons Reporting. The

complaint's allegations include: (1) "acts of collection of unlawful debts in violation of 18 U.S. Code § 1962, fraud, wire fraud, mail fraud, conversion"; (2) racial profiling and discrimination; and (3) harassment and intimidation. (*See generally* complaint, 14-3726, ECF No. 1-1.) Defendants removed the case on June 11, 2014, and it is currently pending before the Undersigned.

    4.    Peter Ingris v. Borough of Caldwell, *et al.*
           14-6388 (ES) (MAH)

In July 2012, Mr. Ingris filed a complaint captioned *Ingris v. Borough of Caldwell, et al.*, in the Superior Court of New Jersey, Essex County. On October 14, 2014, he purportedly removed the action:

> to enjoin Hon. S. Lombardi, JSC, pre-trial judge in ESX-L-5242-12 action, and the Superior Court of New Jersey, the prospective defendants in 2:14-cv-0855-ES-JAD action, from further acts aimed to protect and indemnify Republican Party candidates for Essex and Passaic Counties, politically active also in Morris County – bosses of NJRICO/RICO family of Anthony Pio Costa, Carmen Pio Costa and their corporation Pio Costa Foundation Inc[.], and members of the supremacist government of Borough Of Caldwell et al, and their contractors Joe Laborda and J&M Towing.
>
> In addition, Peter Ingris is removing said ESX-L-5242-12 action to enjoin Hon. Sebastian Lombardi, JSC, from further racially biased discrimination and deprivation of equal protection rights of Peter Ingris in hon. [sic] S. Lombardi, JSC's courtroom – a place of public accommodation, relating but not limited to the ESX-L-5242-12 proceedings.

(Notice of Removal 1-2, 14-6388, ECF No. 1.)

The Court issued an Order to Show Cause as to why the matter should not be remanded. Mr. Ingris and the Borough of Caldwell filed responses. Between November 7, 2014, and December 24, 2014, Mr. Ingris filed motions: (1) for a protective order; (2) for partial summary judgment; (3) for emergent relief to adjourn hearing on Order to Show Cause; (4) to modify the Order to Show Cause; and (5) to change venue.

       5.      <u>Pio Costa Foundation Inc. v. Dancesport4You Inc., *et al.*</u>
            14-7382 (WJM) (MF)

In January 2014, Pio Costa Foundation, Inc. ("Pio Costa") filed a complaint against Mr. Ingris in the Superior Court of New Jersey, Essex County. According to the complaint, Pio Costa was the landlord of 31 Westville Road, Caldwell, New Jersey. (Compl. ¶¶ 1-2, 14-7382, ECF No. 1-2.) Plaintiff demanded $19,623.34 for past due rental installments plus costs against Dancesport4You, Inc., Ingris's company. (*Id.* ¶ 10.) Plaintiff also demanded the same from Mr. Ingris and his partner, Iliyana Schaaf ("Ms. Schaaf"), both of whom signed as personal guarantors on the lease agreement. (*Id.* ¶¶ 23-29.) On November 21, 2014, Mr. Ingris removed the case from state court "pursuant to 28 U.S.C. § 1443, pursuant to ALL WRITS ACT and pursuant to 42 USC 1983 exception to ANTI-INJUNCTION ACT." (Not. of Removal 2, 14-7382, ECF No. 1.) According to the Notice of Removal, the Pio Costa family filed the state court complaint against Plaintiff "in retaliation for Peter Ingris' grievances and petitions against the civil rights violations committed by the . . . defendants – supremacist government of Borough of Caldwell, racketeering enterprise of Pio Costa et al family, upon agreement with one another together with all racially biased and/or opportunistic individuals." (*Id.*)

**B.**    **Peter Ingris – Litigation Related to Mallouk Realty Landlord Tenant Action**

       1.      <u>Elias Mallouk Realty v. Peter Ingris, *et al.*</u>
            14-4305 (MAS) (DEA)

On June 23, 2014, Mr. Ingris removed a landlord tenant action from the Superior Court of New Jersey, Somerset County, docket number LT-1542-14. According to the verified complaint, Ingris's landlord filed suit based on non-payment of rent. (ECF No. 1-5.) As "Grounds for Removal," Mr. Ingris referred to a pending federal case and stated:

    14.    Ingris is also plaintiff in the Federal Action.

15. Instant removed Tenancy Action was filed by Mallouk in retaliation for Ingris Federal Action against Mallouk, and was brought with unclean hands by Mallouk, after Mallouk was advised of fraud in advertisement of Ingris' apartment, lack of heat, excessive utility bills, and lack of mandatory notice about Ingris' security deposit, relatively to the same residential lease, subject matter of Federal and removed State Actions.

16. Because the controversies arising out of said lease are already litigated in the Federal complaint, it is also in interest of judicial efficiency, and in interest of all parties, that multiple litigation and discovery be avoided, which discovery is as to Tenancy Action overlapping with Federal Action.

17. Thus, the instant removed action may be removed to this Court by Ingris, defendant in the instant removed action, in accordance with the provisions of 28 U.S.C. § 1441(a) because (i) this action is a civil action pending within the jurisdiction of the United States District Court for the District of New Jersey; (ii) instant removed action relates to the controversy in Federal action, relatively to Mallouk's liability for damages caused to Ingris Mallouk's violations of Ingris' protected rights.

(Defs.' Notice of Removal ¶¶ 14-17, ECF No. 1.) As such, it is clear that Mr. Ingris removed the landlord tenant matter based on its alleged relationship to the federal action. Thus, the Court will consider the allegedly related action, *Ingris v. Drexler, et al.*, 14-2404, a matter pending before the Honorable Esther Salas, U.S.D.J.

    2.    Peter Ingris v. Drexler, *et al.*
           14-2404 (ES) (MAH)

        a.    The Complaint

The 112-page, 450-paragraph amended complaint in the *Ingris v. Drexler* matter sets forth an extensive factual history and series of allegations. While it is impossible for the Court to summarize all of Ingris's numerous factual allegations, it will provide several of the allegations for context. Ingris, of African/European origin, and Drexler are former dance partners who became national champions in the former Czechoslovakia in 1985. (Am. Compl. ¶¶ 2, 12, 100, 14-2404, ECF No. 3.) They married in 1986 and shortly later relocated to West Germany, where they turned professional and continued to compete. (*Id.* ¶¶ 102, 105, 117-18.) In 1991, they opened a dance

5

studio in the former Czechoslovakia. (*Id.* ¶ 122.) They organized trips for their students from Germany to Slovakia and later invested with a third party in a venture to purchase and renovate an old Slovakian hotel, which they intended to use as a base for their German clients. (*Id.* ¶¶ 128-29.) Both their marriage and professional relationship subsequently ended.[1] In 2001, Ingris moved to New Jersey. (*Id.* at ¶ 148.) Drexler remained in Germany. Both continued to work in the dance field.

Drexler later married Hoppe, an attorney who specializes in economic crimes and who works as an investigator for Detek, a German private investigation company that has allegedly been collecting information about Ingris since around 2006. (*Id.* ¶¶ 4, 6, 8, 149-50.) Drexler and Hoppe reside in Germany. Ingris, while residing in the United States, became involved with Schaaf, originally his dance partner and later his fiancé. (*Id.* ¶¶ 174-76.) In 2009, Ingris and Schaaf opened DS4YOU, a ballroom dance studio. (*Id.* ¶ 176.) Ingris and Schaaf leased the dance studio from Pio Costa Foundation and were later evicted from the studio.[2] (*Id.* ¶¶ 207-18.)

An individual named Krentzlin appears to be the primary link between Drexler/Hoppe in Germany and Ingris/Schaaf in the United States. According to the amended complaint, Krentzlin is a mental health professional who previously resided in Germany and moved to New Jersey in 2012. (*Id.* ¶ 16.) Ingris met Krentzlin in 2007 when she visited New Jersey, and her husband asked Ingris to give her private dance lessons. (*Id.* ¶¶ 182-83.) Krentzlin's husband advised that Krentzlin took private lessons with Drexler in Germany. (*Id.* ¶ 184.) Around March 2013, Krentzlin "induced Ingris into the privity of communication therapist-client relationship, to extract

---

[1] The hotel venture also failed, which resulted in Drexler bringing suit against Ingris in the United States. Ingris unsuccessfully sought to have the case dismissed or transferred to Czechoslovakia.

[2] Cases listed in Part I.A. *supra*.

6

information from Ingris." (*Id.* ¶ 18.) Krentzlin also played a large role in alienating Schaaf from Ingris, which resulted in an end to the engagement. (*Id.* ¶¶ 207-18.)

The complaint is infused with allegations of racial animus towards Ingris. According to the complaint, Hoppe, Drexler, and Krentzlin are all good friends and share neo-Nazi views. (*Id.* ¶ 17.) In addition, Krentzlin used "false-light information about INGRIS' private life . . . to defame INGRIS in public in New Jersey, because of KRENTZLIN's deep ingrained hatred towards and/or fear of 'black men', and in pursuit of ideological and financial interests of NJRICO ENTERPRISE, which interests of NJRICO ENTERPRISE concerning INGRIS, KRENTZLIN pursued and represented in New Jersey." (*Id.* ¶ 21.) The complaint contains claims against Drexler, Hoppe, Detek, and Krentzlin, as discussed above. The complaint also contains claims against various publishers based on Drexler's appearances on a Czechoslovakian television show, where she indicated that marrying Ingris was a mistake. (*See generally* Compl.)

The vast majority of the complaint's allegations relate to the time period prior to Ingris's move to the United States through the time he was evicted from the Caldwell, New Jersey, dance studio. (*See generally* Compl.) Ingris tacked on allegations regarding Elias Mallouk Realty ("Mallouk") and Chambers, its Hillsborough office manager, to the end of the amended complaint.[3]

b. The Order to Show Cause

The Court in the action required Ingris to submit a brief explaining why subject matter jurisdiction exists as to his claims against Mallouk. (14-2404, ECF No. 88.) Ingris submitted an explanation as to subject matter jurisdiction (ECF No. 89), and Mallouk replied (ECF No. 98).

---

[3] The original complaint did not contain any allegations against Mallouk.

7

In his response to the Order to Show Cause, Ingris asserted that the allegations regarding Mallouk fell within a common core of facts and justify subject matter jurisdiction over his claims against Mallouk. Ingris also alleged another Krentzlin connection. He stated:

> Krentzlin also was made aware of my difficulties with the lack of heat in my apartment in Hillsborough, rented in February 2014, from Elias Mallouk Realty Corporation (hereinafter "EMRC").
>
> Elias Mallouk Realty Corporation is New York State based company, who [sic] own [sic] multi-tenant residential properties in New York and in New Jersey. Krentzlin contacted EMRC, and misrepresented to Chambers – their agent in Hillsborough – details from my previous business and private life in Caldwell and elsewhere.

(Resp. to OTSC 11-12, 12-2404, ECF No. 89.)

Ingris then asserted that "because said tenancy complaint was baseless, and was filed in conspiracy with Krentzlin, to retaliate against my grievance filed with this court . . . I removed said tenancy complaint to US District Court, to have it consolidated with instant action." (*Id.* at 14-15.)

Mallouk's reply to the Order to Show Cause included a certification from Chambers. (Chambers Cert., 12-2404, ECF No. 98-1.) In her certification, Chambers stated that she does not know Krentzlin, never spoke to Krentzlin, and never received any information from Krentzlin or anyone on her behalf. (*Id.* ¶ 5.) In addition, Chambers stated that she reviewed the amended complaint in the matter and has no knowledge of, never spoke to, and never had any contact with any of the other listed defendants. (*Id.* ¶ 4.)

**II.  Discussion**

The Court has the authority to raise issues regarding subject matter jurisdiction *sua sponte*. *B&P Holdings I, LLC v. Grand Sasso, Inc.*, 114 F. App'x 461, 465 (3d Cir. 2004) (citing *Kontrick v. Ryan*, 540 U.S. 443 (2004)). In addition, removing defendants bear the burden of demonstrating

8

removal jurisdiction. *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). Notably, removal statutes should be "strictly construed against removal and all doubts should be resolved in favor of remand." *Id.* (citing *Steel Valley Auth. v. Union Switch and Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)); *see also Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985). Here, Mr. Ingris removed the landlord tenant matter to this Court based on 28 U.S.C. § 1441(a), which provides:

> [e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

The District Court in the *Ingris v. Drexler* matter has not yet made a determination regarding subject matter jurisdiction as to the claims against Mallouk. Nevertheless, after review of the complaint and Mr. Ingris's response to the Order to Show Cause in the *Ingris v. Drexler* matter and the Notice of Removal and Complaint in the within matter, the Court finds that Mr. Ingris has not demonstrated that subject matter jurisdiction exists as to the removed matter. Mr. Ingris argues that the allegations against Mallouk fall within a common core of facts. However, the allegations concern a time period and distinct set of facts related to the Hillsborough tenancy that took place subsequent to the main allegations in the underlying complaint. Moreover, Mr. Ingris's attempt to tie Mallouk to a race-based conspiracy through Krentzlin is based entirely on conjecture and speculation. Mr. Ingris's allegations and arguments are unpersuasive and do not suffice to satisfy his burden to demonstrate subject matter jurisdiction. Strictly construing the removal statute and resolving all doubts in favor of remand, the Court finds good cause to remand the matter. As such, this matter is remanded to the Superior Court of New Jersey, Somerset

County.[4] Defendants' motions (ECF Nos. 4 and 7) are denied. An Order will be entered consistent with this Memorandum Opinion.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[4] Mr. Ingris also removed a pending action from the Superior Court of New Jersey, Somerset County, on November 6, 2014. Plaintiff filed an *in forma pauperis* application in conjunction with the removal. The Notice of Removal provided that the removal was predicated upon a controversy pending in the District of New Jersey, 14-2404, and closely related to 14-4305. The Undersigned granted Plaintiff's IFP application and summarily remanded. *See Peter Ingris v. Elias Mallouk Realty, et al.; Elias Mallouk Realty v. Amy Tsai*, 14-6946 (MAS) (DEA).